UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Telephone Science Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Trading Advantage LLC, Larry Levin And John Does 1-10,<br><br>    Defendants. | **COMPLAINT UNDER THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**Amount Demanded:**<br>**$1,347,000.00** |

## INTRODUCTION

1. This is a Telephone Consumer Protection Act ("TCPA") case brought to seek relief against Defendants for illegal telemarketing calls or "robocalls" made to promote the "Trading Advantage" futures program and Levin's trading education books.

2. One of the sponsors on the TCPA, Senator Fritz Hollings stated, "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall…. These calls are a nuisance and an invasion of our privacy." See 137 Cong. Rec. S9840, S9874.

3. Defendants use computerized calls to bombard phone numbers with solicitations.

## PARTIES

4. Plaintiff, Telephone Science Corporation, is a Delaware corporation with a principal place of business in Mount Sinai, New York.

5. Defendant, Trading Advantage LLC ("Trading Advantage"), is an Illinois LLC with a principal place of business in Chicago, IL.

6. Defendant Larry Levin ("Levin") is a citizen of Illinois.

7. John Doe Defendants are other parties that may have TCPA liability.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as the claims arise under the TCPA, 47 U.S.C. §227.

9. Pursuant to 28 U.S.C. §1391, venue is proper because a substantial part of the events giving rise to this claim occurred in this District and Defendants reside in this District.

## STATEMENT OF FACTS

10. Defendants use telemarketing calls to promote (1) the "Trading Advantage" program; (2) the TA Trader trading platform; and (3) books by Levin. See e.g. https://www.tradingadvantage.com/learn-to-trade-with-larry-levin.html.

11. Defendants regularly use an automatic telephone dialing system ("ATDS") -- as defined by 47 U.S.C. § 227(a)(1) -- to call telephone numbers for non-emergency purposes that are assigned to a service for which the called party is charged for calls.

12. Defendants use a predictive dialer to make these telemarketing calls.

13. Justin Verson is Director of Analytics at Trading Advantage.

14. Justin Verson disclosed on LinkedIn that part of his job description at Trading Advantage is to; "Generate segmented lists of prospects and customers to be used in the predictive dialer." https://www.linkedin.com/in/justinverson.

15. Justin Verson also disclosed on LinkedIn that when he was a Project Manager at Trading Advantage that he; "Deployed and managed the company's Spitfire and InsideSales predictive dialers…." *Id.*

16. "A predictive dialer is an automated dialing system that uses a complex set of algorithms to automatically dial,.. telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a telemarketer will be available to take the call.." See Telemarketing Sales Rule, Notice of Proposed Rulemaking, Federal Trade Commission, 67 Fed. Reg. 4492 at 4522 (January 30, 2002) (FTC Notice).

17. A predictive dialer is considered an ATDS under the TCPA. See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638-639 (7th Cir. 2012); and *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129 (W.D. Wash. 2012).

18. Defendants use an ATDS for telemarketing purposes.

19. Defendants call from 312-235-2572 using the ATDS.

20. Defendants advertise the phone number 312-235-2572 on their webpage at https://www.tradingadvantage.com/learn-to-trade-with-larry-levin.html.

21. Numerous people have complained about telemarketing calls from 312-235-2572. See e.g. http://800notes.com/Phone.aspx/1-312-235-2572 and http://www.callercenter.com/312-235-2572.html.

22. One person complained in 2013 to the Better Business Bureau ("BBB") that, "They have called my number once/twice a day for several months. I finally answered the call two weeks ago to tell them stop calling. Last week I told them again not to call. But today (4/21) ***** called again. –" See more at: http://www.bbb.org/chicago/business-reviews/adult-and-continuing-education/trading-advantage-in-chicago-il-33001289/complaints#sthash.jl5RkGy7.dpuf

23. Another person complained to the BBB around December 2013 that, "I have told them numerous times to quit calling me to no avail. They have called again twice this week even

though I have told them twice again just recently to discontinue calling my number, which is on the National Do Not Call List. I inadvertently answer occasionally and then tell them to quit calling. I have received numerous other calls from them that I didn't answer. I have also filed a complaint with the FTC no call list today since obviously they won't honor my repeated request to quit calling. That is the reason I am filing this BBB complaint, their complete ignoring of my requests to discontinue the calls." *Id*.

24. Defendants made approximately 898 calls from number 312-235-2572 to numbers assigned to Plaintiff between March 18, 2014 and May 30, 2014.

25. Plaintiff Telephone Science Corporation is in the business of helping people block unwanted robocalls.

26. Telephone Science Corporation never consented to receive calls from Defendants on any the numbers it is assigned.

27. Telephone Science Corporation operates www.nomorobo.com.

28. Nomorobo is a free service that stops unwanted calls from reaching people's phones.

29. Nomorobo has blocked over 4,109,927 robocalls, as of the filing of this Complaint.

30. Nomorobo was a winner of a prize in the Federal Trade Commission's "Robocall Challenge" contest. See http://www.ftc.gov/news-events/press-releases/2013/04/ftc-announces-robocall-challenge-winners.

31. Telephone Science Corporation has telephone numbers which were assigned as part of a service for which the called party – Plaintiff - is charged for calls.

32. Telephone Science Corporation is charged for each call made to telephone numbers assigned to it.

33. Defendants called using an ATDS to numbers assigned to a service for which the called party - Plaintiff - was charged for calls.

34. Defendants knew that it could not make telemarketing calls without prior express written consent to numbers assigned to a service for which the called party is charged for calls after October 16, 2013.

35. Defendants were on notice of the requirements of the TCPA due to its relationship with Spitfire. See http://www.spitfiredialers.com/images/Conditions_of_Purchasing_4_11_14.pdf

36. Spitfire's standard contract required Defendants to agree to read and understand the TCPA and all other applicable laws and regulations. *Id*.

37. Spitfire also required Defendants to review TCPA rules with their own legal counsel to ensure that Defendants understand and are fully compliant with the TCPA. *Id*.

38. Defendants were also on notice of the TCPA requirements as evidenced by FTC and BBB Complaints.

39. Defendants must not have used a reverse lookup to identify the current subscriber to the numbers assigned to Plaintiff before calling those numbers.

40. Under the holding of *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 642 (7th Cir. 2012), a party that makes a call without using a reverse lookup to identify the current subscriber to the numbers assigned to Plaintiff before calling the numbers using an ATDS is not in compliance with the TCPA.

41. Plaintiff never gave express written consent to receive ATDS calls from Defendants.

42. But Defendants made calls to Plaintiff's numbers using an ATDS without written express consent after October 16, 2013.

43. Defendants willfully or knowingly made unsolicited calls to Plaintiff's numbers.

44. Defendants must have made the unsolicited calls to Plaintiff's numbers knowing or having reason to know that such conduct was a violation of the TCPA.

45. Defendants willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) by making at least 898 telemarketing calls to numbers assigned to Plaintiff between March 18, 2014 and May 30, 2014.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

    a. Judgment against Defendants and for Plaintiff pursuant to 47 U.S.C. §227(b)(3)(B) for 898 calls made to Plaintiff's numbers by Defendants in violation of the TCPA for a judgment of up to $1,347,000.00.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,
Hyslip & Taylor, LLC LPA

By: /s/ Mark T. Lavery
      One of Plaintiff's Attorneys

Mark T. Lavery, Esq.
Hyslip & Taylor LLC LPA
917 W. 18th St., Suite 200
Chicago, IL 60608
312-380-6110
Mark@lifetimedebtsolutions.com