# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

TELEPHONE SCIENCE CORPORATION,  )
                Plaintiff,  )
v.  )  1:14-cv-04369
     )
TRADING ADVANTAGE INC. and  )
LARRY LEVIN,  )
                Defendants,  )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
## TO DISMISS THE AMENDED COMPLAINT

### QUESTION PRESENTED

Do business entities have standing to sue for violations of § 227(b)(1)(A) of the Telephone Consumer Protection Act that bans robocalls to numbers assigned to services associated with charges for calls when: (1) the statutory language applies to "any calls" to these categories of numbers; and (2) the Telephone Consumer Protection Act states that any "entity" or person can sue for a violation of the Act?

### INTRODUCTION

This court should deny Defendants' motion to dismiss because Telephone Science Corporation does have standing to sue for the Defendants' violations of the Telephone Consumer Protection Act ("TCPA"). Defendants make the meritless argument, unsupported by the statutory text, any binding caselaw or applicable legislative history, that Section § 227(b)(1)(A) of the TCPA does not apply to calls to businesses.

The TCPA provides a private cause of action "to a person or entity" based on a violation of 47 U.S.C.S. § 227(b). Court opinions have rejected the argument that businesses do not have

1

standing to bring a TCPA action.[1]  The legislative history also reflects that Congress was concerned with autodialer calls to certain categories of numbers not just calls to residential lines.[2]

Plaintiff requests that the Court reject Defendants' incredible argument.

## ARGUMENT

### A.  Defendants mischaracterize the TCPA statutory text

Plaintiff has standing to bring this cause of action because the plain text of the TCPA creates a statutory right for corporations and the plain text, rather than the legislative history, is what should guide this court's ruling.  The Seventh Circuit has held in a case construing the TCPA that:

> The preeminent canon of statutory interpretation requires that courts presume that the legislature says in a statute what it means and means in a statute what it says there. If Congress determines later that the plain language of the statute does not accurately reflect the true intent of Congress, it is for Congress to amend the statute. The court's task is not to seek a motive for what Congress has plainly done; in fact, to the contrary, a court must avoid rendering what Congress has plainly done devoid of reason and effect.[3]

Accordingly, this Court should look first to the statutory text of the TCPA, rather than legislative history and Defendants' contorted interpretations of FCC Orders and Regulations. The plain text indicates that any person or entity may sue for violation of the TCPA ban on robocalls to numbers assigned to a service for which the called party is charged for calls. Because of that, Plaintiff clearly has standing to bring this claim.

Conversely, Defendants' argument is based upon the statutory mischaracterization that, "The TCPA provides a private right of action to ***individuals*** who receive calls made in violation

---

[1] *Cellco v. Plaza Resorts*, 2013 U.S. Dist. LEXIS 139337 (S.D. Fla. 2013); and *De Los Santos v. Millward Brown, Inc.*, 2014 U.S. Dist. LEXIS 88711 (S.D. Fla. 2014).
[2] In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd 14014, 14092 at fn. 133. (July 3, 2003)
[3] *Patriotic Veterans, Inc. v. Indiana*, 736 F.3d 1041, 1047 (7th Cir. 2013).

of the Act."[4] (emphasis added)  Defendant cites to 47 U.S.C. § 227(b)(3) in support of this argument.[5]  However, Defendant completely ignores the fact that the § 227(b)(3) expressly grants this right to both persons *and entities* to bring a cause of action under the TCPA.  Accordingly, Congress expressly created a statutory right for corporations and other entities to bring a cause of action based on the TCPA. Furthermore, Congress drafted the TCPA in a manner that makes certain conduct illegal, without regard to whether the conduct is directed at a person or entity.  The plain language of the TCPA section at issue in this case states in relevant part;

> (b) Restrictions on use of automated telephone equipment.  (1) Prohibitions. It shall be **unlawful** for any person within the United States, or any person outside the United States if the recipient is within the United States-- (A**) to make any call** (other than a call made for emergency purposes or made with the prior express consent of the called party) **using any automatic telephone dialing system…** -- (iii) **to any telephone number assigned** to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.[6] (emphasis added)

In this Section, Congress banned autodialer calls to *certain numbers* rather than *certain recipients*.  Congress did not exempt calls to businesses from those categories of numbers listed in this Section.

The FCC has stressed, for example, "the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make *any call* to a wireless number in the absence of an emergency or the prior express consent of the called party."[7] (emphasis added)  Calls to wireless numbers are in the same section as calls to numbers assigned to a service for which the called

---

[4] Defs.' Memo in Support of Motion to Dismiss Amended Complaint at p. 2
[5] *Id*.
[6] 47 U.S.C.S. § 227(b)(1)(iii)
[7] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 73 Fed. Reg. 6041, 6042 (Feb. 1, 2008).

3

party is charged for calls. Thus, the plain text of the TCPA does two things as applied to the present case: (1) Section 227(b)(1) makes illegal Defendants' act of repeatedly calling Plaintiff using an autodialer without consent; and (2) Section 227(b)(3) gives Plaintiff, as a person *or entity*, the right to seek the remedy of statutory damages for up to $1,500 per call made in willful violation of the TCPA.

Plaintiff alleges that Defendants made calls using an automatic telephone dialing system to certain telephones numbers that are assigned to a service for which the called party is charged for calls. Telephone Science Corporation is the entity that is the subscriber to those numbers. Plaintiff states a prima facie case for a violation of the TCPA § 227(b)(1)(A) under the plain language of the statute. The Court need not resort to legislative history or FCC regulations. The plain language of § 227(b)(1)(A) does not give the FCC power to exempt certain calls to these categories of numbers.[8]

The context of § 227(b)(1)(A) also fails to support the argument that this section does not apply to calls to businesses. For example, § 227(b)(1)(A)(i) and (ii) ban certain calls to health care facilities, which are certainly businesses. Plaintiff seeks relief for violation of §227(b)(1)(A)(iii) which broadly applies to calls to "any" telephone numbers assigned to certain services.

The U.S. Supreme Court has repeatedly stressed that corporations may have rights, even constitutional rights.[9] Likewise, corporations may have statutory rights and remedies under the TCPA as business entities. Business entities are within the zone of interest of the statute because businesses like individuals subscribe to and pay for numbers assigned to these services. A

---

[8] The TCPA gives FCC authority to exempt certain calls to residential telephone lines. § 227(b)(1)(B). This exemption language is not in § 227(b)(1)(A).
[9] See *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2772-2773 (U.S. 2014) and *Citizens United v. FEC*, 130 S. Ct. 876, 908 (U.S. 2010).

4

business "entity" subscriber and individual "person" subscriber are both provided the private right of action to enforce violations of the TCPA for calls to numbers that they subscribe to.

      **B.      Case Law Strongly Supports Plaintiff's Right to Bring this Cause of Action**

Defendants fail to cite to any caselaw that holds that the TCPA does not apply to calls to businesses. Nor does Defendant rebut the holding in the case of *Cellco v. Plaza Resorts*.[10] The *Cellco* case was cited and included in the parties' Planning Report. Yet, Defendants make no mention of the case in its Motion to Dismiss.

The *Cellco v. Plaza Resorts* case held that Verizon had standing to sue for calls made to cellular service numbers assigned to its employees. The Court analyzed the statutory text and found that, "the cause of action inures to the benefit of the subscriber."[11] Thus, in that case, the court allowed Verizon, an entity, to sue for a violation of the TCPA.

The *Cellco* case is in accord with binding Seventh Circuit precedent from the case of *Soppet v. Enhanced Recovery Co., LLC*.[12] In *Soppet*, the Seventh Circuit held that the called party referenced in §227(b) is the subscriber to the number. Plaintiff alleges that it is the subscriber for the numbers Defendants called. Thus under both the holdings of *Soppet* and *Cellco*, Plaintiff has standing to sue.[13]

Defendants cited the case of *De Los Santos v. Millward Brown* for the proposition that businesses may not sue under the TCPA. But this case supports Plaintiff not Defendants. Defendants' argument that businesses are limited to claims under § 227(b)(1)(D) was rejected. The Court stated in that case;

---

[10] 2013 U.S. Dist. LEXIS 139337, 2013 WL 5436553, at *5 (S.D. Fla. 2013).
[11] *Id*.
[12] 679 F.3d 637, 639-640 (7th Cir. 2013).
[13] Notably, Defendants relied upon *Soppet* in their first Motion to Dismiss based upon the erroneous assumption that Nomorobo customers were the subscribers of the telephone numbers at issue.

5

Defendant also argues the TCPA must permit autodialing a business employee's cellular phone, because in another subsection the TCPA specifically prohibits autodialing a business "in such a way that two or more telephone lines of a multi-line business are engaged simultaneously." 47 U.S.C. § 227(b)(1)(D). According to Defendant, because the TCPA specifically prohibits these calls, it must permit all others… But, specifying which autodialed calls to businesses are prohibited is not inconsistent with prohibiting autodialed calls to cellular phones, whether they be business owned or not..[14]

Both the Court and the U.S. Attorney -- who intervened in that case -- took the position that businesses may sue for TCPA violations. The United States argued in the *De Los Santos* case,

> The statute is clear on its face that a business may bring a cause of action against a caller who makes unsolicited calls using an automated dialer or prerecorded messages. See 47 U.S.C. § 227(b)(3) (those who may bring an action under the statute include "a person or entity").[15]

The other case cited by Defendant did not actually adopt Defendants' argument. In *Cellco P'Ship v. Dealer's Warranty LLC,* the Court recognized that, "[U]nder the express language of the TCPA, the question of standing turns on whether the claimant can establish a violation under the TCPA and not on whether it is a 'consumer.'"[16] The Court ultimately stated that it was "not prepared, on the record before it, to resolve whether [the business] indeed has standing to bring claims."[17] Thus no caselaw supports Defendants' argument and one of the cases they cited for support explicitly rejected their argument.

### C. Neither Legislative History Nor FCC Regulations Support Defendants

Defendants make the bold claim that the FCC has, "repeatedly confirmed that the TCPA's prohibition on using autodialers under Section 227(b)(1) applied only to calls placed to

---

[14] *De Los Santos v. Millward Brown, Inc.*, 2014 U.S. Dist. LEXIS 88711, *22-23 (S.D. Fla. 2014).
[15] *De Los Santos v. Millward Brown, Inc.* (9:13cv80670 S.D. Fla.) Dckt. Doc. #54, p. 15
[16] *Cellco P'ship v. Dealers Warranty, LLC*, 2010 U.S. Dist. LEXIS 106719, *31 (D.N.J. 2010)
[17] *Id.*

6

consumers." Yet, Defendant fails to cite a single rule, regulation, report, order or even "guideline" in which the FCC directly or explicitly states that Section 227(b)(1)(A)(iii) applies only to calls to consumers.

Defendants misrepresent the FCC Memorandum Opinion and Order to support their meritless claim. Defendant takes this quote out of context to support its position:

> there is no indication that Congress intended that calls be excepted from telephone solicitation restrictions unless the residential subscriber has (a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the telemarketer's subsequent call will be made for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services."[18]

The FCC clearly states in that same Memorandum and Order that, "Specifically, the TCPA prohibits autodialed and prerecorded voice message calls to emergency lines, health care facilities or similar establishments, and numbers assigned to radio common carrier services or any service for which the called party is charged for the call, unless the call is made with the prior express consent of the called party or is made for emergency purposes."[19] This refers to Section § 227(b)(1)(A).

The FCC goes on to explain there that, "[t]he TCPA also prohibits artificial or prerecorded voice message calls to residences made without prior express consent, unless it is an emergency call or specifically exempted by the Commission."[20] This refers to Section § 227(b)(1)(B).

The 1995 order dealt with questions about the restrictions on calls to residential lines covered by Section § 227(b)(1)(B), it did not address calls covered by Section § 227(b)(1)(A).

---

[18] 10 FCC Rcd 12391, 12396, para. 11. (1995) ("1995 TCPA Order on Recon.")
[19] Id.
[20] Id.

The FCC later noted in its 2003 Order and Report that, "The legislative history also suggests that through the TCPA, Congress was attempting to alleviate a particular problem—an increasing number of automated and prerecorded calls to certain categories of numbers."[21] These categories of numbers are listed in 47 U.S.C. § 227(b)(1)(A)(i)-(iii). These categories clearly encompass calls to both businesses and individuals.

The FCC has stressed that almost all calls to these categories of numbers are banned. "We affirm that under the TCPA, it is unlawful to make *any call* using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, 'to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the called party is charged.'" (emphasis in the original)[22] Calls to business subscribers to these categories of numbers are never listed as an exception in any FCC Order or Rule.

### D. Plaintiff can amend to make a claim under 47 U.S.C. § 227(b)(1)(D)

Defendants admit that using an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously is unlawful. After further investigation, Plaintiff has learned that Defendant used its automatic telephone dialing system in such a way that two or more telephone lines of Plaintiff's multi-line business were engaged simultaneously. Plaintiff requests leave to amend to add claims against Defendants under 47 U.S.C. § 227(b)(1)(D).

---

[21] Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44144, 44144-45 (July 25, 2003).
[22] 18 FCC Rcd 14014, 14115

**CONCLUSION**

Defendants' Motion is without merit and should be denied in any event because Plaintiff can state a claim under 47 U.S.C. § 227(b)(1)(D). Plaintiff has standing to bring a claim under 47 U.S.C. § 227(b)(1)(A)(iii). The statutory text, caselaw, the opinion of the United States, the legislative history and applicable FCC Rules and Orders support the conclusion that Plaintiff may sue Defendants for violations of both 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(D).

                                        Respectfully Submitted,
                                        TELEPHONE SCIENCE CORPORATION


                                        /s/_Mark T. Lavery
                                        By Its Attorney

Mark T. Lavery
Hyslip & Taylor LLC LPA
1100 W. Carmak, Suite B410
Chicago, IL 60608
312-508-5480