# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Telephone Science Corp.,** | Case No: 14 C 4369 |
| v. | |
| | Judge Ronald A. Guzmán |
| **Trading Advantage, LLC, Larry Levin, and John Doe 1-10,** | |
| Defendants. | |

## ORDER

For the reasons stated below, the defendants' motion to dismiss [47] is denied.

## STATEMENT

Telephone Science Corporation ("TSC") brings this case under the Telephone Consumer Protection Act ("TCPA") seeking relief for telemarketing calls defendants made to 61 phone numbers subscribed to by TSC. Defendants move to dismiss the second amended complaint ("SAC") on the ground that TSC fails to allege a cause of action because the relevant section of the TCPA does not apply to calls made to businesses.

**Facts**

The following well-pleaded facts are accepted as true for purposes of this motion to dismiss. Defendants use telemarketing calls to promote: (1) the "Trading Advantage" program; (2) the TA Trader trading platform; and (3) books by Levin. (SAC, ¶ 10.) Defendants regularly use an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) to call telephone numbers for non-emergency purposes that are assigned to a service for which the called party is charged for calls. (*Id*. ¶ 11.) Defendants used a predictive dialer, which the Court construes to be an ATDS, to call 61 telephone numbers subscribed to by Plaintiff. (*Id*. ¶ 21.) TSC subscribes to a service which charges for incoming calls as well as a Voice Over Internet Phone ("VOIP") service. (*Id*. ¶¶ 28-29.) TSC does not subscribe to a traditional landline service. (*Id*. ¶ 30.) TSC alleges that

it is the called party of the subject telephone numbers. (*Id*. ¶ 31.)  TSC did not request defendants to call it and never gave any express consent or written consent to defendants for calls made.  (*Id*. ¶¶ 32-33.)

**Analysis**

Defendants contend that TSC fails to state a claim because § 227(b) does not apply to calls made to businesses.  The relevant statutory text reads as follows:

> It shall be unlawful for any person within the United States, . . . --
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> . . .
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or *any service for which the called party is charged for the call*. . . .

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

"The preeminent canon of statutory interpretation requires that courts presume that the legislature says in a statute what it means and means in a statute what it says there." *Patriotic Veterans, Inc. v. Ind.*, 736 F.3d 1041 (7th Cir. 2013) (internal citations, quotation marks and alterations omitted).  The plain language of the statute states that it is unlawful to make "*any* call using any automatic telephone dialing system" to "*any* telephone number assigned to . . . *any* service for which the called party is charged for the call."  47 U.S.C. § 227(b)(1) (emphasis added).  Because the language of the statute is unambiguous, does not expressly exclude calls made to businesses (indeed, it uses the broad and inclusive word "any"), and TSC's allegations fall within the statutory prohibition of § 227(b)(1)(A)(iii), the Court rejects the defendants' position.

Nor is the defendants' reference to the Federal Communication Commission's ("FCC")

interpretation of the statute as applying only to residential lines persuasive. Deference to agency interpretations, as required under *Chevron, U.S.A., Inc. v. Natural Resources Def. Council, Inc.*, 467 U.S. 837 (1984), applies only when "the statute is silent or ambiguous regarding the matter at hand." *Brumfield v. City of Chi.*, 735 F.3d 619, 626 (7th Cir. 2013). Because the language of the TCPA is not silent or ambiguous as to what types of calls it applies to, the Court need not consider the FCC's interpretation of the statute at this time.

For these reasons, the defendant's motion to dismiss Count I [47] is denied.

**Date**: February 17, 2015

**Ronald A. Guzmán**
**United States District Judge**